IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY BARRON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-1770-E-BN |
| | § | |
| UTSOUTHWESTERN MEDICAL | § | |
| CENTER, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Anthony Barron brought this *pro se* case against Defendant UTSouthwestern Medical Center alleging discrimination and retaliation in violation of the Americans with Disabilities Act, Chapter 21 of the Texas Labor Code, and Section 504 of the Rehabilitation Act. *See* Dkt. No. 3.

Because Barron also moved for leave to proceed *in forma pauperis* (IFP), *see* Dkt. No. 6, United States District Judge Ada Brown referring the lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court denied Barron's motion to appoint counsel, *see* Dkt. Nos. 4, 8, but issued a screening questionnaire, which Barron answered, *see* Dkt. Nos. 7, 12-14. And the undersigned entered an order finding that Barron's financial affidavit prevented concluding that requiring him to pay the filing fee will "cause undue financial hardship" consistent with the IFP standards and therefore ordered that Barron pay the filing fee. *See* Dkt. Nos. 6, 8.

Before he could do so, Barron moved to dismiss his suit, notifying the Court that the "EEOC re-opened [his] charge for further investigation into the additional medical documentation [he] submitted and notified [him] they will continue to process [his] charge." Dkt. No. 15. The Court construed this motion as a self-executing notice under Federal Rule of Civil Procedure 41(a)(1)(A)(i), and the Clerk closed this case on October 20, 2021.

On October 14, 2022, Barron moved to reopen, explaining that "[t]he EEOC has rejected [his] claim again after reviewing [the] additional medical document submitted." Dkt. No. 16.

Since Barron filed this motion more than 28 days after he voluntarily dismissed this proceeding, the motion to reopen should be considered under Rule 60(b). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citing *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)); *see also Taylor v. El Centro Coll.*, No. 3:21-cv-999-D, 2022 WL 2670394, at *2 (N.D. Tex. July 11, 2022) ("[A] Rule 41(a)(1)(A) voluntary dismissal without prejudice qualifies as a 'final proceeding[,]'" and "is subject to vacatur under Rule 60(b)." (quoting *Yesh Music v. Lakewood Church*, 727 F.3d 356, 362-63 (5th Cir. 2013))).

Rule 60(b)'s purpose "is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Jan. 1981)).

So "[t]he extraordinary relief [it] afford[s] … requires that the moving party make a showing of unusual or unique circumstances justifying such relief." *Wallace v. Magnolia Family Servs., L.L.C.*, Civ. A. No. 13-4703, 2015 WL 1321604, at \*2 (E.D. La. Mar. 24, 2015) (citing *Pryor v. U.S. Postal Servs.*, 769 F.2d 281, 286 (5th Cir. 1985)); *see also Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998) ("[R]elief under Rule 60(b) is considered an extraordinary remedy," such "that the desire for a judicial process that is predictable mandates caution in reopening judgments." (cleaned up)).

Of the five provisions under which a court may grant relief under Rule 60(b), the second, "newly discovered evidence," FED. R. CIV. P. 60(b)(2), is the only one apparent from Barron's motion, *see also* Taylor, 2022 WL 2670394, at \*2 ("The court can also set aside a judgment for 'any other reason that justifies relief.' Relief under this 'catch-all' provision is available, however, 'only if extraordinary circumstances are present.'" (quoting FED. R. CIV. P. 60(b)(6), then *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting, in turn, *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)))).

> To succeed on a Rule 60(b)(2) motion for relief from judgment based on newly discovered evidence, "a movant must demonstrate: (1) that [he] exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Hesling*, 396 F.3d at 639 (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)). "The movant must strictly satisfy these requirements." *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 418 (5th Cir. 2018) (quotation omitted).

*Id.* (citations modified).

Considering that Barron "must strictly satisfy [Rule 60(b)(2)'s] requirements," *Nat'l City Golf Fin.*, 899 F.3d at 418, even if the Court accepts that he did act with

due diligence in obtaining the additional information submitted to the EEOC, his failure to describe this information requires the Court to find that Barron has shown neither that this information is material nor that it is controlling or "clearly" capable of "produc[ing] a different result," *Hesling*, 396 F.3d at 639; *see Taylor*, 2022 WL 2670394 at *3 (addressing a movant's deficient Rule 60(b)(2) showing in the context of a voluntary dismissal under Rule 41(a)(1)(A)(i): "Taylor has not sufficiently explained what information he obtained from these witnesses; thus he has not demonstrated how the information provided by the anonymous witnesses is material and controlling and clearly would have produced a different result in this case.").

The Court should therefore deny the construed Rule 60(b) motion.

And, while Barron has not shown that this lawsuit should be "reopened" under Rule 60(b), because he did not pay the filing fee prior to filing his notice under Rule 41(a)(1)(A)(i), the undersigned cannot find, based on the record now before the Court, that he would be prejudiced if forced to file a new lawsuit based on any right to sue letter issued by the EEOC after it rejected his new evidence.

## Recommendation

The Court should deny Plaintiff Anthony Barron's construed motion for relief under Federal Rule of Civil Procedure 60(b) [Dkt. No. 16] and should, solely for statistical purposes, reopen and then close this case based on any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 18, 2022

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE